IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA ROCCO,<br>        *Plaintiff,*<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE et al.,<br>        *Defendants.* | Civil No. 24-209 |

## MEMORANDUM

COSTELLO, J.                                                                                             February 7, 2025

Plaintiff Melissa Rocco sues Defendant Farmers Insurance Exchange d/b/a Economy Preferred Insurance Company ("Farmers") for breach of contract and bad faith. ECF No. 40 ¶¶ 108–125. Farmers moved to dismiss the portions of Ms. Rocco's amended complaint that use Farmers' litigation conduct as evidence of bad faith. ECF No. 41. The Court will grant Farmers' motion.[1, 2]

Ms. Rocco asserts that Farmers' litigation conduct, namely (1) purported discovery violations and (2) an alleged misrepresentation in its Rule 26(f) report narrative, shows that Farmers had a "bad faith agenda" to deny Ms. Rocco's claim. ECF No. 40 ¶¶ 48–52, 54–56, 58–

---

[1] The Court is writing for the parties and will assume their familiarity with the facts, the nature of the case, and established legal standards.

[2] Farmers also moved to dismiss the portions of Ms. Rocco's amended complaint that claim Farmers breached a fiduciary duty to Ms. Rocco. ECF No. 41 ¶ 12. Ms. Rocco agrees that the word "fiduciary" can be removed from Paragraphs 119 and 124(o) of her amended complaint. ECF No. 42 ¶ 8. Because Ms. Rocco agrees "fiduciary" can be removed, the Court also grants Farmers motion to dismiss references to a fiduciary duty in Paragraphs 119 and 124(o) in the amended complaint.

62, 64–66, 69–70, 72, 103–07, 124(s), 124(t).  Pennsylvania law allows insureds to sue their insurers for bad faith conduct "arising under an insurance policy."  42 PA. CONS. STAT. § 8371.  Bad faith is "any frivolous or unfounded refusal to pay proceeds of a policy."  *W.V. Realty, Inc. v. N. Ins. Co.*, 334 F.3d 306, 311 (3d Cir. 2003) (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting BLACK'S LAW DICTIONARY 139 (6th ed. 1990))).

An insurer's litigation conduct can be used as evidence of bad faith only when the conduct shows the insurer is intentionally avoiding its obligation under a policy or is undermining the truth-finding process.  *See O'Donnell ex rel. Mitro v. Allstate Ins. Co.*, 734 A.2d 901, 907 (Pa. Super. Ct. 1999) (holding litigation conduct can be considered); *W.V. Realty, Inc.*, 334 F.3d at 313–14 (observing litigation conduct is only considered where "the conduct was intended to evade the insurer's obligations under the insurance contract"); *Hollock v. Erie Ins. Exch.*, 842 A.2d 409, 415 (Pa. Super. Ct. 2004) (holding conduct could be considered where it was a "blatant attempt to undermine the truth-finding process").  The conduct must reflect on the "insurer in its capacity as an insurer" and "not as a legal adversary in a lawsuit filed against it by an insured."  *See Berg v. Nationwide Mut. Ins. Co., Inc.*, 189 A.3d 1030, 1055 (Pa. Super. Ct. 2018) (citations omitted), *appeal dismissed*, 235 A.3d 1223 (Pa. 2020).

Here, Farmers' alleged discovery violations and misrepresentation cannot be used as evidence of Farmers' bad faith.  First, Ms. Rocco cannot use Farmers' discovery violations to support her claim because bare discovery violations cannot be used as evidence of bad faith.  *See Berg*, 189 A.3d at 1055 (citations omitted) ("To the extent the trial court based its finding of bad faith upon discovery violations, it committed clear error . . . . we have refused to recognize that an insurer's discovery practices constitute grounds for a bad faith claim under section 8371,

2

absent the use of discovery to conduct an improper investigation"); *O'Donnell*, 734 A.2d at 907 ("[S]ection 8371 . . . does not contemplate actions for bad faith based upon allegation[s] of discovery violations"); *Slater v. Liberty Mut. Ins. Co.*, No. 98-1711, 1999 WL 178367, at *1 (E.D. Pa. Mar. 30, 1999) (noting Section 8371 does not allow "recovery for discovery abuses by an insurer or its lawyer in defending a claim"). Therefore, the Court will dismiss Paragraphs 48–52, 54–56, 58–62, 64–66, 69–70, 72, 103–04, and 124(s) in Ms. Rocco's amended complaint.

Second, Ms. Rocco cannot use Farmers' alleged misrepresentation in its Rule 26(f) report as evidence of bad faith because Farmers created the narrative as a legal adversary. An insurer's defensive litigation tactics used as a legal adversary—even if they are biased—cannot be considered as evidence of bad faith. *See Katz v. USAA Cas. Ins. Co.*, No. 19-4488, 2021 WL 9031163, at *1 (E.D. Pa. July 19, 2021) (improperly denying allegations in a response to a complaint "fall[s] within the category of defensive litigation tactics rather than an intentional evasion of its obligations as an insurer"); *Gordon v. LM Gen. Ins. Co.*, No. 23-479, 2023 WL 2975869, at *6 (E.D. Pa. Apr. 17, 2023) (using biased expert witness testimony is an insurer acting "as a legal adversary and not as an insurer"), *aff'd on other grounds*, No. 23-1887, 2024 WL 4380137 (3d Cir. Oct. 3, 2024); *Phan-Kramer v. Am. States Ins. Co.*, No. 23-cv-01867, 2023 WL 4867421, at *4 (E.D. Pa. July 31, 2023) (using biased expert witness and withholding information from expert to influence testimony is conduct "as a legal adversary" and not "as an insurer" and therefore "cannot be the basis for a statutory bad faith claim"). Farmers' Rule 26(f) report reflects on Farmers as a legal adversary, not as an insurer. Therefore, the Court will dismiss Paragraphs 105–07 and 124(t) in Ms. Rocco's amended complaint.

An appropriate Order follows.

                                              **BY THE COURT:**

                                              _____

                                              MARY KAY COSTELLO, J.